MEMORANDUM *
Mohammed Saidani, a national and citizen of Algeria, petitions for review of a final order of the Board of Immigration Appeals denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We vacate and remand the CAT claim, and deny the petition with respect to the asylum and withholding of removal claims.
I
Although not each of the immigration judge’s (IJ) credibility findings is justifiable, and her demeanor findings lack sufficient description to be meaningful, there nevertheless is substantial evidence to support the adverse credibility determination. See Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003) (“So long as one of the identified grounds is supported by substantial evidence and goes to the heart of Wang’s claim of persecution, we are bound to accept the IJ’s adverse credibility finding.”) Inconsistencies such as whether Saidani was placed in the trunk or back seat during his initial abduction, whether the tail of his shirt could be pulled over his head while handcuffed, whether he could see through his shirt to identify a persecutor, his position in the Algerian military, and whether he picked up his acquittal notice alone or with others, are “specific, cogent reasons,” see Shire v. Ashcroft, 388 F.3d 1288, 1295 (9th Cir.2004), that go to the heart of his claims, see Ceballos-Castillo v. INS, 904 F.2d 519, 520 (9th Cir.1990) (requiring inconsistencies go to the heart of an applicant’s claims).
In addition, Saidani submitted one fraudulent document that was about him, so he knew or certainly should have known it was false, before introducing it into evidence. While he ultimately withdrew it, this was only after its fraudulent nature became manifest. Saidani also submitted two other documents that were altered. Cf. Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 911, 913 (9th Cir.2004) (finding substantial evidence for an adverse credibility determination lacking where the sole evi *92 dence was a single fraudulent document and where the testimony was otherwise “internally consistent”); see also In re O-D-, 21 I. & N. Dec. 1079, 1083 (BIA 1998) (“The presentation of fraudulent documents is a critical factor in our analysis of the respondent’s claim. Such fraud tarnishes the respondent’s veracity and diminishes the reliability of his other evidence.”).
The IJ’s adverse credibility determination is further reinforced by Saidani’s failure to present material, easily available, corroborating evidence. See Chebchoub v. INS, 257 F.3d 1038, 1044 (9th Cir.2001). An affidavit from Saidani’s sister would have been especially helpful given that she was the purported source of the fraudulent document. Though corroboration from individuals living outside the United States is “almost never easily available,” Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000), Saidani was in contact with his sister and she had provided him with other documents, see Chebchoub, 257 F.3d at 1044-45 (“[Securing an affidavit from a close relative living in Western Europe should have been a relatively uncomplicated task that would not pose the type of particularized evidentiary burden that would excuse corroboration.”) (internal quotation marks and citation omitted).
Taking all these circumstances into account, we are not persuaded that “no reasonable factfinder could find that the petitioner was not credible.” Shire, 388 F.3d at 1295.
Because Saidani failed to meet his burden of establishing his eligibility for asylum through credible evidence, he also could not meet the higher withholding of removal standard. See Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999). Nonethele ss, the IJ erred by permitting the adverse credibility determination to “wash over” Saidani’s CAT claim. See Kamalthas v. INS, 251 F.3d 1279, 1282-84 (9th Cir.2001). We thus vacate the IJ’s determination on that claim and remand for consideration of Saidani’s other evidence, including the reports of country conditions, regarding his likelihood of being subject to torture on return to Algeria. See id. at 1284.
II
Saidani’s due process right to a neutral arbiter was not violated. The IJ accurately summarized the record in describing Saidani’s failure to provide a copy of his passport and his failure to follow through on obtaining authentication for his documents from the U.S. Embassy in Algeria. The IJ also accurately applied the law with respect to authentication. Though authentication is normally unnecessary, where, as here, there is reason to be suspicious of the veracity of the documents as at least one fraudulent document was submitted, it was not erroneous to expect authentication. See Wang, 352 F.3d at 1254. Nor was Saidani prejudiced by closure of the proceedings. He was asked if he had anything further to present (he did not), and was advised that a decision would be forthcoming. Neither is there any indication what arguments he would have made that could have affected the outcome. See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (indicating an alien alleging a due process violation must show prejudice).
Finally, we see no due process violation on account of the government’s failure to turn over, or the IJ’s failure to order disclosure of, the results of an FBI interview with Saidani. See Ngongo v. Ashcroft, 397 F.3d 821, 823 (9th Cir.2005) (noting that “[d]eportation hearings are civil, not criminal, proceedings, so many of the protections afforded criminal defen *93 dants are unavailable”). Even so, Saida-ni’s Brady[1]-type claim is purely speculative. Cf. United States v. Lopez-Alvarez, 970 F.2d 583, 598 (9th Cir.1992) (rejecting a Brady claim based on “pure[ ] speculation]”).
Petition DENIED in part; VACATED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).